IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN LANGLEY,

     Plaintiff,                        No. 2:10-cv-03060 MCE KJN

     v.

SENTRY CREDIT, INC.,

     Defendant.                    ORDER

        /

        Presently before the court is the parties' proposed Stipulated Protective Order, which seeks an order limiting the use and dissemination of information that the parties seek to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information" (Dkt. No. 15). The undersigned does not approve the proposed Stipulated Protective Order as drafted because it does not conform to the requirements of this court's Local Rule 141.1. The Stipulated Protective Order raises an additional concern identified below.

        This court's Local Rule 141.1(c) provides:

> **(c)**    **Requirements of a Proposed Protective Order.** All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order. Every proposed protective order shall contain the following provisions:
>
>    **(1)**    A description of the types of information eligible for protection under the order, with the description provided in general terms

1  sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

2  **(2)** A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

3  **(3)** A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c). Although the Stipulated Protective Order arguably makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3). Thus, the parties have not made the showing required by Local Rule 141.1(c), and the undersigned does not approve the Stipulated Protective Order as proposed. However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.

The undersigned addresses one additional aspect of the proposed Stipulated Protective Order that the undersigned is not inclined to approve. Paragraphs 25 suggests that this court will retain jurisdiction over the Stipulated Protective Order and any disputes arising therefrom after this action has concluded.[1] The undersigned is strongly disinclined to approve any provision that creates such retained jurisdiction over the Stipulated Protective Order and related disputes after termination of the action.

////
////
////
////

---

[1] Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." E. Dist. Local Rule 141.1(f).

1  For the foregoing reasons, IT IS HEREBY ORDERED that the parties' proposed
2  Stipulated Protective Order is not approved, but without prejudice to the refiling of a sufficient
3  proposed stipulated protective order if the parties are unable to reach a private agreement.
4  IT IS SO ORDERED.
5  DATED: November 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE