UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBIN LANGLEY,

Plaintiff,

v.

SENTRY CREDIT, INC.,

Defendant.

No. 2:10-cv-03060-MCE-KJN

ORDER

----oo0oo----

This action proceeds against Defendant Sentry Credit, Inc. ("Defendant"), on Plaintiff Robert Langley's ("Plaintiff") First Amended Complaint, which alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. Presently before the Court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 18).[1] For the following reasons, Plaintiff's Motion is GRANTED.

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

**BACKGROUND**

Plaintiff originally initiated this action as an unfair debt collection practices case that was based on Defendant's purportedly harassing telephone calls to Plaintiff. On July 28, 2011, this Court issued a Pretrial Scheduling Order ("PTSO") setting July 6, 2012, as the deadline for completion of non-expert discovery, September 6, 2012, as the deadline for expert disclosure, December 6, 2012, as Defendant's dispositive motion filing cut-off, and May 6, 2013, as the date for trial. In the PTSO, the Court also specified that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." PTSO, 1:24-25.

Plaintiff subsequently served Defendant with discovery requests, including a request for the production of any recordings of Defendant's phone calls to Plaintiff. Defendant served its responses to those requests on October 26, 2011. Plaintiff thereafter served follow-up requests for production to Defendant to learn whether Defendant had employed any pre-recorded messages informing Plaintiff the calls to her might be recorded. On approximately December 22, 2011, Plaintiff received Defendant's subsequent responses, which confirmed that Defendant had failed to warn Plaintiff her telephone calls were being recorded or to obtain her consent to do so.

///

///

///

///

At that point, Plaintiff sought and retained experienced class counsel who associated in the matter on January 20, 2012. Shortly thereafter, on January 31, 2012, Plaintiff filed her instant Motion for Leave to File a Second Amended Complaint, by which she seeks to add four class-based causes of action arising out of Defendant's allegedly illegal recording of class members' confidential telephone conversations without their consent. Two of Plaintiff's proposed causes of action are alleged on behalf of a California class pursuant to California Penal Code § 632, which prohibits the recording of confidential telephone calls without all parties' consent, and the right to privacy included in California Constitution, Article I, Section I. One of her other proposed claims is alleged, as an alternative to the California class claims, on behalf of a nationwide class under Washington Revised Code § 9.73.060, and the final proposed cause of action is alleged on behalf of both classes under a negligence per se theory. Plaintiff's Motion is now GRANTED, and she will be permitted leave to add these class claims.

**STANDARD**

Typically, leave to amend should be "freely give[n]...when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Once a district court has filed a pretrial scheduling order pursuant to Rule 16, as this Court did here on July 28, 2011, however, the standards set forth by Rule 16 control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see also PTSO, 1:24-25.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted). To demonstrate diligence under Rule 16's "good cause" standard, courts have required movants to show that: 1) they were diligent in assisting the Court in creating a workable Rule 16 order; 2) despite their diligent efforts to comply, their noncompliance with a Rule 16 deadline occurred because of the development of matters that could not have been reasonably foreseen or anticipated; and 3) they were diligent in seeking amendment of the Rule 16 order, once it became apparent that they could not comply with the order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

///

///

///

///

///

**ANALYSIS**

According to Plaintiff, good cause exists to justify further amendment of her First Amended Complaint here because she did not know and could not have known prior to conducting discovery that her calls with Defendant were recorded. Plaintiff thus contends that in prosecuting her originally filed action, she diligently pursued discovery, which, on December 19, 2011, resulted in confirmation that Defendant had, without notice to her and without her consent, recorded her phone calls. Plaintiff thereafter promptly hired class counsel and filed her instant Motion. Plaintiff further argues that she is already preparing class-based discovery and that she intends to file her motion for class certification prior to May 23, 2012. Plaintiff thus avers that amendment of her FAC will not require modification of the deadlines set by the Court in the PTSO.

Defendant disagrees, of course, arguing Plaintiff has been dilatory in seeking amendment and that any amendment will be futile. More specifically, Defendant believes Plaintiff unjustifiably delayed bringing her instant Motion because she waited three months after receiving the recordings from Defendant and one year after filing this action to seek leave to amend. In addition, Defendant argues amendment will be futile in any event because this case is substantially similar to another pending class action filed in the Southern District of California, <u>Allen v. Sentry Credit, Inc.</u>, 3:11-cv-02317-IEG-BLM.

///

///

The Allen case also asserts violations of California Penal Code section 632 and California Constitution, Article I, Section 1, as well as a negligence cause of action. Finally, according to Defendant, it will be prejudiced if Plaintiff is permitted to amend because it will be required to file a Motion to Strike or a Motion to Dismiss Plaintiff's class claims as duplicative of those raised in Allen. Defendant will also purportedly be forced to engage in extensive additional discovery and dispositive motion preparation, which would consequently require Defendant to later seek to modify the PTSO.

Plaintiff's arguments are well-taken. The record before the Court indicates that Plaintiff timely pursued discovery related to her existing fair debt collection claims and promptly sought leave to add her class claims only one month after she had obtained Defendant's responses indicating those causes of action might be viable. Moreover, even if the Court were to accept Defendant's argument that Plaintiff should have sought amendment upon receipt of the recordings themselves, rather than upon receipt of Defendant's responses indicating it did not utilize pre-recorded messages, the Court would still find the interests of justice served by permitting amendment are outweighed by the marginal delay between Defendant's October production of that evidence and Plaintiff's filing of her current Motion in January, particularly in light of Plaintiff's interim need to locate and retain class counsel. In any event, the Court finds no fault with Plaintiff's decision to expeditiously pursue confirmation as to the legitimacy of her class claims prior to calling upon the resources of this Court in seeking leave to amend.

Accordingly, especially given the fact that dispositive motions are not set to be heard until the end of this year and trial is not set to begin until next year, the Court finds Plaintiff was diligent in seeking leave to amend here.

The Court likewise rejects Defendant's contention that Plaintiff's Motion should be denied because her class claims are duplicative of those pending in the Allen case. First, this argument is really a substantive challenge to the proposed amended pleading that, while potentially appropriate in response to the Second Amended Complaint, once filed, is not proper in the context of whether Plaintiff should, as an initial matter, be permitted leave to amend. In addition, Plaintiff has advised the Court no class has been certified in that litigation. Accordingly, while the Allen plaintiff may be pursuing putative class claims, it is entirely speculative to presume those claims will ever actually be litigated on behalf of the named class. Moreover, Defendant's "substantial similarity" argument is based on Plaintiff's California-based claims, but wholly ignores the fact that Plaintiff in this case seeks to add additional class claims, one of which arises under Washington law, on behalf of a nationwide class as well. Accordingly, this Court declines to find at this preliminary juncture that any amendment would be so futile as to justify denying Plaintiff's Motion.

Finally, Defendant's theory that it will be prejudiced by amendment is likewise rejected. There is still ample time prior to the dispositive motion deadline and the current trial date in which the parties can litigate this case.

///

Discovery does not close for several months, and there is no indication at this time that any dates in the PTSO will at any point need to be modified. In addition, Defendant's attempt to characterize the potential for additional motion practice or discovery as "prejudicial" fails as well because Defendant has not described anything beyond what is part and parcel of any litigation. Accordingly, no persuasive arguments to the contrary, Plaintiff's Motion is now GRANTED.

**CONCLUSION**

For the reasons just stated, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 18) is GRANTED. Plaintiff is directed to file her amended complaint not later than five (5) days following the date this Memorandum and Order is electronically filed.

IT IS SO ORDERED.

Dated: April 20, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE